No. 52,592

Personal Thrift Plan of Wichita, Inc., *Appellant,* v. State of Kansas, Division of Taxation, *Appellee.*

(629 P.2d 184)

Opinion filed June 10, 1981.

*Stanley L. Lind,* of Lind & Lind, of Kansas City, argued the cause and was on the brief for the appellant.

*S. Lucky DeFries,* attorney for the Kansas Department of Revenue, argued the cause, and *Alan F. Alderson,* general counsel, was with him on the brief for the appellee.

The opinion of the court was delivered by

McFarland, J.: This is an appeal by plaintiff Personal Thrift Plan of Wichita, Inc., from an order of the district court upholding a decision of the State Board of Tax Appeals finding that plaintiff was responsible for collecting sales taxes when it sold repossessed personal property to consumers.

The case was submitted to the trial court on the following stipulation of facts:

"1. That plaintiff is a licensed lender under the Kansas Uniform Consumer Credit Code with its only office located in Wichita, Kansas.

"2. That plaintiff is in the business of lending money for which it requires personal property as collateral on many such loans.

"3. That upon occasion, the plaintiff repossessed its collateral when its debtors became in default, which collateral was disposed of in various ways, as follows:

"a. by sheriff's sale;

"b. thru an auction house;

"c. repurchased by the originating dealer;

"d. sold by other creditors;

"e. sold for junk;

"f. redeemed by the debtor-customer;

"g. debtor-customer sells the property and agrees to apply the proceeds of sale to the account;

"h. sold to ultimate consumer.

"4. The audit period involved in this action is 38 months from January 1, 1974 to February 28, 1977.

"5. That during the audit period involved there were 41 dispositions of repossessed collateral of all types of which only 19 were sales to ultimate users or consumers. That of the 19 such sales, these were divided as follows:

Motor vehicles - 8
Household goods - 11

"6. That Revenue Dept. Regulations 92-19-10 and 92-19-34 are the only regulations of the department pertaining to repossessed collateral which are applicable to the issues of this action.

"7. That the amount of sales taxes in controversy is $220.22 and that the penalty of $20.14 should be waived."

The heart of the controversy is the proper application of the Kansas Retailers' Sales Tax Act (K.S.A. 79-3601 *et seq.*) to the stipulated facts. We turn our attention to the pertinent statutory provisions of the act.

K.S.A. 1980 Supp. 79-3603(*a*) provides:

"From and after the effective date of this act, for the privilege of engaging in the business of selling tangible personal property at retail in this state or rendering or furnishing any of the services taxable under this act, there is hereby levied and there shall be collected and paid a tax as follows:

"(*a*) A tax at the rate of three percent (3%) upon the gross receipts received from the sale of tangible personal property at retail within this state;"

K.S.A. 1980 Supp. 79-3602(*e*) defines "sale at retail" as follows:

"(*e*) 'Retail sale' or 'sale at retail' includes all sales made within the state of tangible personal property or electrical energy, gas, water, services or entertainment for use or consumption and not for resale."

Plaintiff's 19 sales to consumers were unquestionably sales at retail.

The issue remaining, then, is whether plaintiff was required by the act to collect sales taxes on the 19 sales to consumers.

K.S.A. 79-3604 provides:

"The tax levied hereunder shall be paid by the consumer or user to the retailer and it shall be the duty of each and every retailer in this state to collect from the consumer or user, the full amount of the tax imposed by this act, . . ."

K.S.A. 1980 Supp. 79-3602(*d*) defines a "retailer" as:

"(*d*) 'Retailer' means a person regularly engaged in the business of selling tangible personal property at retail or furnishing electrical energy, gas, water, services or entertainment, and selling only to the user or consumer and not for resale."

A retailer, then, is one who is "regularly engaged in the business of selling tangible personal property at retail" to consumers. If the retail sale is by other than a retailer, then the seller is not required to collect the tax.

K.S.A. 1980 Supp. 79-3606 provides:

"The following shall be exempt from the tax imposed by this act:

. . . .

"(*l*) all isolated or occasional sales of tangible personal property, services, substances or things, except isolated or occasional sale of motor vehicles specifically taxed under the provisions of K.S.A. 1980 Supp. 79-3603(*o*) and amendments thereto;"

(For the sake of simplicity we shall ignore the provision relative to motor vehicles until later in the opinion.)

"Isolated or occasional sale" is defined in K.S.A. 1980 Supp. 79-3602(*j*):

"(*j*) 'Isolated or occasional sale' means the nonrecurring sale of tangible personal property, or services taxable hereunder by a person not engaged at the time of such sale in the business of selling such property or services."

To summarize, if the seller of tangible personal property to a consumer is a retailer within the meaning of the act, he is required to collect sales tax; if the seller is not a retailer, the act does not require him to collect the tax. In ascertaining the status of the seller, one must determine whether the seller is regularly engaged in the sale of tangible personal property or whether the sale was a nonrecurring act of one not so regularly engaged.

"Regular" and "nonrecurring" are not defined by the act and accordingly must be afforded ordinary meanings pursuant to K.S.A. 77-201, *Second.*

Webster's Third New International Dictionary 1913 (1961) has many definitions for "regular" due to its varying usages. Perhaps the most appropriate are "returning, recurring   .   .   .   at stated, fixed, or uniform intervals"—with "normal, typical, natural" being listed as synonyms. Black's Law Dictionary 1450 (4th ed. rev. 1968) lists "regular" as an antonym of "casual" or "occasional."

"Nonrecurring" has the general meaning of not happening again or not occurring again. See Webster's Third New International Dictionary 1538 (1961).

Was plaintiff a retailer within the meaning of the act? The trial court held that plaintiff was a retailer on the following rationale:

"The Legislature went on in K.S.A. 79-3602(j) to provide that such nonrecurring sale, to be within the definition of 'isolated or occasional sale', must be made by a person 'not engaged at the time of such sale in the business of selling such property or services'. Thus, no one defined as a 'retailer' in K.S.A. 79-3602(d) is exempted from taxation under K.S.A. 79-3606(l). Claimant contends it is not a 'retailer' as used in the act. The claimant herein must reasonably foresee, however,

that individuals borrowing money from it may default upon their obligations, or securing those transactions with collateral would be a useless, meaningless act. In fact, claimant admits forty-one defaults with subsequent repossessions and dispositions of collateral within thirty-eight months. Admittedly, only nineteen of these dispositions were sales to ultimate users or consumers; only these nineteen are challenged as retail sales and subject to the Retailers' Sales Tax Act. Although claimant's primary business is lending money, clearly an incident to that business, and one in which claimant regularly engaged, is the sale or other disposition of tangible personal property repossessed after default upon loans. This sale or disposition is designed, as a part of claimant's business, to protect the profit hopefully generated through the loan of the money. Therefore, claimant is a 'retailer' within the definition of that term in K.S.A. 79-3602(d)."

We agree. The repossession of personal property and its subsequent disposal is certainly a part of the business of a finance company. A substantial part of such disposition was through retail sales. These sales cannot be considered to be "nonrecurring."

Plaintiff attempts to place the motor vehicles it sold in a different category. As far as the issues herein are concerned, there is no distinction. In this action we are only concerned with the plaintiff's duty to collect the sales tax. We have determined that plaintiff is a retailer within the meaning of the act and, accordingly, had a duty to collect the taxes from the purchasers. The import of the special provisions relative to motor vehicles (K.S.A. 1980 Supp. 79-3606[*l*] and 79-3603[*o*]) is that no retail *sale* of motor vehicles is exempt from sales tax—the purchaser pays the tax to the retailer if purchased from a retailer, or the purchaser pays it directly to the taxing authorities if the transaction was an "occasional or isolated" sale.

The final issue raised is the propriety of the Department of Revenue Regulation, K.A.R. 92-19-10 (1978), which provides in relevant part:

"When tangible personal property, which has been repossessed either by the original retailer or by a finance company, is resold to final users or consumers, the gross receipts from such sales are taxable."

Plaintiff contends the regulation is unconstitutional in that it creates an imperfect classification by not including such similar entities as banks, credit unions, and savings associations. The imposition of the taxes herein is not based on the regulation, but rather on the Kansas Retailers' Sales Tax Act. The defendant contends the term "finance company" as used in the regulation is generic in nature, referring to all financial institutions, and notes

that plaintiff has not submitted any evidence of a contrary interpretation by the defendant department.

Inasmuch as the regulation has not been relied upon in the imposition of the tax, we do not need to determine its constitutionality.

The judgment is affirmed.