The Honorable Jerry Moran State Senator, 37th District State Capitol, Room 356-E Topeka, Kansas 66612
Dear Senator Moran:
You request our opinion regarding collection requirements under K.S.A. 1995 Supp. 79-3604 of the Kansas retailers' sales tax act. Specifically you question whether the auctioneer is required to collect the sales tax on the sale of a motor vehicle at an auction conducted in the regular course of the auctioneer's business when the auction does not match the description of an isolated or occasional sale under K.S.A. 1995 Supp.79-3602(j)(2).
As a general rule, sales tax is to be collected on all retail sales of tangible personal property. K.S.A. 1995 Supp. 79-3603. However, K.S.A. 1994 Supp. 79-3606(l) exempts from taxation "all isolated or occasional sales of tangible personal property . . . except isolated or occasional sale (sic) of motor vehicles specifically taxed under the provisions of subsection (o) of K.S.A. 79-3603 and amendments thereto." Thus, unless another specific exemption applies [see, e.g., K.S.A. 1995 Supp.79-3606(k) exempting the sale of motor vehicles sold and delivered in this state to a resident of another state when the vehicle is not to be registered or based in this state and will not remain in this state for more than ten days], the sale of a motor vehicle to an ultimate consumer is subject to sales tax, whether or not the seller is engaged in the business of selling motor vehicles. See Personal Thrift Plan ofWichita, Inc. v. State, 229 Kan. 622, 625 (1981).
Generally retailers are to collect from the consumer the tax imposed by the retailers' sales tax act. K.S.A. 1995 Supp. 79-3604. This is also generally the case for certain auctions and consignment sales, the auctioneer being considered a retailer for purposes of collecting the tax. K.A.R. 92-19-8(a). But, because there is no "retailer" involved, the tax levied on isolated or occasional sales of motor vehicles is to be paid to the director of taxation or the county treasurer by the purchaser of the motor vehicle. K.S.A. 1995 Supp. 79-3604; K.A.R. 92-19-30;Personal Thrift, supra. Thus the answer to your question depends on whether the motor vehicle sale you describe is an isolated or occasional sale notwithstanding the fact that it does not meet the provisions of K.S.A. 1995 Supp. 79-3602(j)(2).
K.S.A. 1995 Supp. 79-3602(j) provides in part:
 "`Isolated or occasional sale' means the nonrecurring sale of tangible personal property, or services taxable hereunder by a person not engaged at the time of such sale in the business of selling such property or services. . . . Such term shall include: . . . (2) any sale of tangible personal property made by an auctioneer or agent on behalf of not more than two principals or households if such sale is nonrecurring and any such principal or household is not engaged at the time of such sale in the business of selling tangible personal property."
If the motor vehicle sale in question did meet the description in K.S.A. 1995 Supp. 79-3602(j)(2) clearly it would be covered by the definition of isolated or occasional sale and would be collected as such under the provisions of K.S.A. 1995 Supp. 79-3604. Given that subsection (j)(2) does not apply to the circumstances of the auction in question, we then look to see whether it would be considered an isolated or occasional sale under the more general definition of that term. The department of revenue has interpreted the nonrecurring provision to mean that only one sale of that type may be conducted within a twelve month period. K.A.R.92-19-34. Further, the department has determined that "[a]ny person who makes a sale of property is engaged in the business of selling that property if the property was acquired for the purpose of resale." Id. Many times an auctioneer is acting on behalf of an individual or entity when selling motor vehicles not acquired by the individual or entity for purposes of resale, and the auctioneer conducts no more than one sale a year for that person or entity. The definitions of nonrecurring and engaged in the business would make such sales isolated or occasional. Further, K.A.R. 92-19-8 expressly excludes the sale of motor vehicles from its provisions requiring certain auctioneers to collect sales tax, unless the auctioneer is a licensed vehicle dealer. See K.S.A. 1995 Supp. 8-2401(a). Accordingly, the presumption is that an auctioneer who is not required to be licensed as a vehicle dealer is not a retailer for purposes of collecting sales tax on the sale of motor vehicles at an auction. In that circumstance, the tax should be paid by the consumer to the director of taxation or the county treasurer as required by K.S.A. 1995 Supp. 79-3604. If an auctioneer is selling vehicles in a way that would require obtaining a vehicle dealer license, or would not meet the definition of an isolated or occasional sale, the auctioneer would be required to collect the sales tax on such sales of motor vehicles.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm